PER CURIAM.
In an action for slander, the plaintiff, Jack Wolfner, placed before the jury as part of a damage claim, evidence of his good reputation in the community, and injury to that reputation. As a defense, Michael Todorovich sought to present evidence by three persons, each having experienced a single, unfavorable business dealing with the plaintiff. The three witnesses, by their own admissions, had no knowledge of the plaintiff’s reputation in the relevant community. The trial court excluded the evidence of the business transactions. From an adverse judgment Todorovich appeals, contending that the business dealings evidence should have been admitted. We affirm.
Evidence of specific instances of conduct may be admitted where character, or a trait of character, is an element of a claim or defense, section 90.405(2), Florida Statutes (1987), however, a challenge to a party’s reputation must be based on more than a personal opinion or a fleeting encounter. See Rogers v. State, 511 So.2d 526 (Fla.1987), cert. denied, 484 U.S. 1020, 108 S.Ct. 733, 98 L.Ed.2d 681 (1988). Wolf-ner’s damage claim did not involve a character issue.
Affirmed.